## CHAUNCEY S. KIBBE, RESPONDENT, v. SIMEON N. WETMORE, APPELLANT.

*Motion to vacate an attachment — power of the court to amend the warrant — limitation upon the right of the plaintiff to oppose the motion by new proof — waiver of objection to the new proof offered — Code of Civil Procedure, secs. 683, 723 — attachment will issue though fraudulent transfer of property made in another State.*

Upon the hearing of a motion to vacate a warrant of attachment, issued upon the sole ground of the non-residence of the defendant, the latter presented affidavits showing that he was a resident of the State. The plaintiff then read affidavits tending to show, among other things, that prior to the time of issuing the warrant the defendant had disposed of his property, with intent to defraud his creditors, and had kept himself concealed with the like intent, and with the intent to avoid the service of process. The court made an order allowing the attachment to be amended, by inserting therein as grounds for its issue the said fraudulent acts, upon payment of costs, and denied the motion to vacate, without prejudice to a renewal thereof.

*Held*, that the power of amendment conferred upon the court, by section 723 of the Code of Civil Procedure, was broad enough to cover this case, and that the restriction upon the right of the plaintiff to oppose a motion to vacate by new proof, imposed by section 683 thereof, related not to the power of the court to allow amendments, but only to the practice to be pursued upon a motion to vacate.

That although the defendant might, under the provision of the said section 683, have objected to the reading of so much of the plaintiff's affidavits as tended to show grounds for sustaining the warrant, other than that stated therein, yet by his failure so to do the objection was waived, and could not thereafter be raised on appeal.

The affidavits tended to show that the fraudulent disposition of property was made in Pennsylvania, and not in this State.

*Held*, that this did not deprive the court of the power to grant an attachment; that it was immaterial where the fraudulent disposition took place so long as the court in this State had jurisdiction of the parties and the action.

APPEAL from an order of the Erie Special Term, allowing an amendment of the warrant of attachment issued herein and refusing to vacate the same.

*Ansley & Davie,* for the appellant.

*Pindar & Inman,* for the respondent.

Smith, P. J. :

The warrant of attachment was issued upon the ground that the defendant was a non-resident of the State, and that ground only was stated in the attachment. The defendant moved at Special Term to vacate the attachment on affidavits tending to show that he was a resident of the State. The plaintiff read opposing affidavits tending to show, among other things, that at the time of issuing the said warrant and previously thereto, the defendant had disposed of his property with intent to defraud his creditors, and had kept himself concealed with like intent and with intent to avoid service of process. Thereupon, on motion of the plaintiff, the court made an order allowing the attachment to be amended by inserting therein the latter grounds above stated, on payment of defendant's costs, and denying the motion to vacate, without prejudice to a renewal thereof.

Section 683 of the Code of Criminal Procedure provides that a motion to vacate an attachment founded upon proof, by affidavit, upon the part of the defendant, may be opposed by new proof, by affidavit, on the part of the plaintiff, tending to sustain any ground for the attachment recited in the warrant, "and no other, unless" etc. The remainder of the section is not material to the question here presented. The contention of the appellant is that the section referred to deprives the court of the power to allow the amendment. The power of amendment is given by section 723, which is broad enough to cover the case. Section 683 does not relate to the power of amendment, but its provisions relate to the practice to be pursued upon a motion to vacate an attachment. It was doubtless competent for the defendant to object to the reading of so much of the plaintiff's affidavits in opposition to his motion, as tended to establish grounds other than that specified in the attachment. But the appeal book does not show that any such objection was made, and therefore the defendant is to be regarded as having consented that the affidavits in question be received and fully considered by the court. The defendant cannot now be heard to object for the first time that the affidavits were improperly received, and that the order allowing the amendment should therefore be reversed.

There can be no doubt that the court, or the judge holding it, had power to grant a fresh attachment on the affidavits, *ex parte.* As between the parties, that was the only effect of the amendment, the order being without prejudice to a new motion to vacate the attachment. There being no intervening lienors, so far as the case shows, the granting of the amendment was in furtherance of justice, provided the affidavits were sufficient to warrant the issuing of an attachment, upon the grounds covered by the amendment.

It is urged by the appellant that as the fraudulent disposition of property, shown by the affidavits, occurred in Pennsylvania, and not in this State, the attachment cannot be sustained on that ground. It is immaterial where the alleged fraudulent disposition of property took place; if the courts of this State have jurisdiction of the action and the parties, the plaintiff is entitled to his remedy against the defendant's property within this State.

A question is made as to the sufficiency of the affidavits in respect to the fraudulent concealment of the defendant. We think there is enough in the affidavits on that point, uncontradicted and unexplained, to justify the order of the Special Term.

The order should be affirmed with ten dollars costs of appeal and disbursements. And the costs hereby allowed may be set off against those required to be paid to the defendant as a condition of the order appealed from.

HARDIN and BARKER, JJ., concurred.

So ordered.